### DUDE MILLS v. THE STATE.

No. 1618.    Decided March 28, 1912.

**1.—Forgery—Variance.**

Where, upon trial of forgery, the instrument introduced in evidence did not correspond with that set out in the indictment, the variance was fatal.

**2.—Same—Misconduct of Jury.**

Upon trial of forgery, it was improper for the jury to discuss the failure of defendant to testify; however, there being no affidavit attached to the motion for new trial, this presents no reversible error.

**3.—Same—Evidence.**

See opinion for evidence which is not satisfactory that defendant forged the alleged instrument.

Appeal from the District Court of Grayson. Tried below before the Hon. J. M. Pearson.

Appeal from a conviction of forgery; penalty, two years imprisonment in the penitentiary.

The opinion states the case.

*C. W. Massie* and *H. D. Cumby,* for appellant.—On the question of defendant's failure to testify: Tate v. State, 42 S. W. Rep., 595; Wilson v. State, 46 S. W. Rep., 251; Thorpe v. State, 50 S. W. Rep., 383; Roders v. State, 55 S. W. Rep., 817; Woolley v. State, 50 Texas Crim. Rep., 214, 96 S. W. Rep., 27.

*C. E. Lane,* Assistant Attorney-General, for the State.

DAVIDSON, Presiding Judge.—This conviction was for forging the following instrument:

"Sherman, Texas, Nov. 15, 1909.<br>
THE COMMERCIAL NATIONAL BANK,<br>
of Sherman, Texas.

Pay to W. C. Clark or bearer                                  $7.50
  Seven fifte................................... Dollars.
T. R. Booe."

The instrument introduced in evidence is as follows:

"Sherman, Texas, Nov. 15, 1909.<br>
THE COMMERCIAL NATIONAL BANK OF SHERMAN,<br>
TEXAS.

Pay to W. C. Clark seven and 50/100 Dollars ($7.50).
C. N. B.                                              T. R. Booe."

An inspection of these two instruments show they are not the same in words and figures. The instrument declared on in the indictment says: "Pay to W. C. Clark or bearer $7.50" with the words "Seven fifte Dollars. T. R. Booe." The instrument introduced in evidence contains this language: "Pay to W. C. Clark seven and 50/100 Dollars ($7.50) C. N. B." Endorsed on back W. C. Clark. This constitutes such a variance under the law of forgery that this conviction can not be sustained. Looking to the face of the two instruments it is plainly discernable that they are not the same. The instrument introduced in evidence must correspond with that set out in the indictment. This necessitates a reversal.

There are some other interesting questions suggested. Upon another trial the misconduct of the jury may not arise. The jury discussed the failure of the defendant to testify, and emphasized the fact that he did not write his name so that the jury could inspect it during the trial and compare it with the writing as shown on the instrument. This can not be considered in view of the fact that there were no affidavits attached to the motion for new trial, and the only evidence in

the record was filed after the conclusion of the term of court. But we call attention to it so this may not occur upon another trial.

The evidence is not satisfactory that appellant forged the note. The State witness Booe testified he did not give appellant authority to sign his name to it. The State relied for a conviction practically upon Wilson's testimony to the effect that he traded for the check from appellant, and in his judgment the name W. C. Clark written by appellant on the check was the same as the handwriting of the name in the check.

Because of a variance between the instrument declared on and that introduced in evidence the judgment will be reversed and the cause remanded.

*Reversed and remanded.*